UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UUSI, LLC,

    Plaintiff,

v.

FUTABA CORPORATION OF
AMERICA, et al.,

    Defendants.
_____/

Case No. 2:24-cv-13104

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING DEFENDANT FUTABA CORPORATION OF AMERICA'S MOTION TO DISMISS (ECF No. 15)**

Now before this Court is Defendant Futaba America's motion to dismiss four of Plaintiff's Nartron's[1] indirect infringement claims against Futaba America as related to two patents Nartron owns, the '185 patent and the '762 patent. ECF No. 15. As explained below, the motion will be granted because the complaint does not allege that Futaba America had knowledge of two of the three patents-in-suit.

**I. BACKGROUND**

The factual background and procedural history relevant to this motion is laid out extensively in this Court's prior Opinion and Order addressing Futaba America's

---

[1] Although Plaintiff identifies itself in its complaint as UUSI, LLC, it conducts business under the name "Nartron," and thus will be referred to as such in this opinion and order. *See* ECF No. 1 at PageID.1 (explaining that UUSI conducts business under the name "Nartron.").

motion to dismiss Nartron's entire complaint. *See* ECF No. 27 at PageID.1458–66. For efficiency, they will not be repeated here.

## II. LEGAL STANDARD

Under Civil Rule 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

Although the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678; *see also 16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) ("The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing

explanations for the defendant's conduct."). Otherwise, the court must grant the motion to dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

### III. ANALYSIS

Futaba America seeks dismissal of Futaba's indirect infringement claims relating to the '185 patent (Counts 6 and 7) and '762 patent (Counts 9 and 10). ECF No. 15. Futaba America argues that these claims must be dismissed because Nartron does not allege in its complaint that Futaba America had knowledge of the '185 and '762 patents at the time of the alleged infringement. *Id.* at PageID.1191–96.

#### A. Indirect Infringement under the Patent Act

In addition to describing acts of "direct" infringement, the Patent Act also establishes liability for "indirect" infringement, which includes both induced infringement and contributory infringement. *See* 35 U.S.C. §§ 271(a)-(c). "In contrast to direct infringement, which is a strict liability offense, liability for indirect infringement requires both knowledge of the patent and knowledge of infringement." *Schwendimann v. Stahls', Inc.*, 510 F. Supp. 3d 503, 508–09 (E.D. Mich. 2021) (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 638–42 (2015)).

#### B. Analysis

Futaba America's motion to dismiss is based on its assertion that Nartron failed to allege Futaba America had knowledge of the '185 and '762 patents. *See*

- 3 -

ECF No. 15 at PageID.1191–96. Nartron responds that it has alleged that Futaba America had both pre- and post-lawsuit knowledge of the '185 and '762 patents *See* ECF No. 20 at PageID.1364–70.

Looking to the Complaint, as this Court must, Nartron makes the following allegations about Futaba America's knowledge of the patents-in-suit:

1. Nartron directly informed Futaba "of at least the '589 Patent during the [state court litigation]." ECF No. 1 at PageID.10.

2. "Defendants have been aware of the Patents-in-Suit since at least 2017, when the existence of the '589 Patent was mentioned in testimony of the" state court litigation. ECF No. 1 at PageID.19.

3. "Defendants gained actual knowledge of the Patents-in-Suit" during the state court litigation. ECF No. 1 at PageID.19.

4. "Defendants have been aware of the Patents-in-Suit since at least 2017, when the existence of the '185 Patent was mentioned in testimony of the [state court litigation]." ECF No. 1 at PageID.28.

5. "Defendants have been aware of the Patents-in-Suit since at least 2017, when the existence of the '762 Patent was mentioned in testimony of the" state court litigation. ECF No. 1 at PageID.37.

### 1. Pre-Lawsuit Knowledge

At the outset, this Court notes that Nartron did allege in its complaint that Futaba America has been aware of the '185 and '762 patents since "at least 2017, when the existence of [both patents were] mentioned in testimony of the" state court proceedings. ECF No. 1 at PageID.28, 37. But both the '185 and '762 patents were issued *after* the state court litigation had ended. *See* ECF Nos. 1-3 at PageID.60

("Date of Patent: *Dec. 12, 2017"); 1-4 at PageID.76 ("Date of Patent: Mar. 5, 2019"). And a defendant cannot be aware of a patent that does not yet exist.[2] Seeming to accept this conclusion, Nartron offers only two arguments for why this Court should find that it sufficiently alleged that Futaba America had pre-lawsuit knowledge of the '185 and '762 patents. But, as explained below, both arguments miss the mark.

First, Nartron argues that Futaba America surely had notice of the '185 and '762 patents by way of the first iteration of this lawsuit that it filed in the Western District of Texas in June 2023. ECF No. 20 at PageID.1364–65. But Nartron's failure to include any mention of the Western District of Texas litigation in its complaint, ECF No. 1, is fatal to this argument. Indeed, Nartron does not allege that Futaba America knew of the '185 or '762 patents because of the Western District of Texas

---

[2] Nartron does not argue, but this Court could perhaps reasonably infer, that Futaba America was made aware of the patent *applications* for the '185 and '762 patents during the state court litigation. But without more facts from which this Court could infer that Futaba America would have researched and followed up on the status of Nartron's patent applications, this is not enough to satisfy the knowledge requirement either. *Compare LiTL LLC v. Lenovo (United States), Inc.*, No. CV 20-689-RGA, 2022 WL 610739, at *7 (D. Del. Jan. 21, 2022) ("[W]ithout additional context, a reference to a patent application, even a published one, is often irrelevant to knowledge of a patent," because a large number of applications never result in patents), *with Geoscope Techs. PTE. LTD v. Google LLC*, No. 1:22-CV-01331-MSN-IDD, 2023 WL 8586382, at *3 (E.D. Va. Feb. 15, 2023) (concluding that allegations that defendant knew of patent application *plus* allegations that defendant discussed the patent application and had motivation to "research" its status were sufficient facts to establish knowledge).

- 5 -

litigation. It alleges only that Futaba America knew of these patents through testimony in the *state court* litigation. *See* ECF No. 1 at PageID.28, 37 (alleging that existence of the '185 patent and '762 patent was "mentioned in testimony of the Prior Litigation."[3]).

Second, Nartron argues that it has sufficiently alleged Futaba America had knowledge of the '185 and '762 patents because it alleged that Futaba America had knowledge of the parent '589 patent. ECF No. 20 at PageID.1365–68.

It is true that "[a]t the pleading stage, alleged knowledge of patent family members and related patents, *along with other allegations*, can be sufficient to overcome a motion to dismiss." *Novozymes N. Am., Inc. v. Danisco US Inc.*, No. 1:19-CV-01902-JDW, 2020 WL 12895027, at *3 (D. Del. Feb. 12, 2020) (emphasis added) (citing *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. CV 14-1430-LPS-CJB, 2015 WL 5725768, at *2–3 (D. Del. Sept. 29, 2015), report and recommendation adopted, No. CV 14–1430–LPS–CJB, 2016 WL 1274812 (D. Del. Mar. 31, 2016)). But Nartron's problem here is that it makes no "other allegations." *Id.* Indeed, from the barebones facts present in Nartron's complaint, ECF No. 1, "there can be no plausible inference" that Futaba America would have known about the issuance of the '185 or '762 patents "simply from [Futaba America's] alleged

---

[3] Nartron's complaint is clear that the term "Prior Litigation" is meant to refer *only* to the state court litigation in Michigan. *See* ECF No. 1 at PageID.9 (defining "Prior Litigation").

knowledge of the ['589] patent." *Virginia Innovation Scis., Inc. v. Samsung Elecs. Co.*, 983 F. Supp. 2d 700, 710 (E.D. Va. 2013).

In sum, Nartron has not sufficiently alleged that Futaba America had pre-lawsuit knowledge of the '185 or '762 patents as required to sustain a claim of induced or contributory infringement before the initiation of this lawsuit. *See* 35 U.S.C. §§ 271(a)–(c).

### 2. Post-Lawsuit Knowledge

The Honorable United States District Judge Linda V. Parker recently explained the state of the law regarding knowledge of a patent-in-suit based upon the filing of the complaint as follows:

> In terms of the period after the filing of the complaint, "[j]udges ... have taken different views on whether a plaintiff can sufficiently plead knowledge of a patent-in-suit in an amended complaint by referring back to the notice that the accused infringer received of the patent's existence via the filing of a prior complaint in the same case for indirect infringement" claims. *Staton Techiya, LLC v. Harman Int'l Indus., Inc.*, No. 1:23-CV-00802-JCG, 2024 WL 2271861 at *7 (D. Del. May 20, 2024). The first approach requires plaintiffs to plead pre-suit notice and holds that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *see also Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012); *Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*, No. 612CV286ORL36DAB, 2014 WL 12866968 (M.D. Fla. Jan. 15, 2014).
>
> The competing view holds that "pre-suit knowledge of the patents-in-suit is unnecessary to properly plead induced infringement" and service of the complaint "is sufficient to show knowledge of the patents-in-suit at least as of the date of service" to support an induced infringement

claim. *Serv. Sols. U.S., LLC v. Autel U.S. Inc.*, No. 13-10534, 2013 WL 5701063 at *10 (E.D. Mich. Oct. 18, 2013); *see also Merrill Mfg. Co. v. Simmons Mfg. Co.*, 553 F. Supp. 3d 1297, 1303 (N.D. Ga. 2021) (finding "Plaintiff's service of the complaint sufficient to show Defendant's knowledge of the patent-in-suit.").

*Neapco Components, LLC v. Am. Axle & Mfg., Inc.*, No. 2:23-CV-12470, 2025 WL 226963, at *7 (E.D. Mich. Jan. 16, 2025).

As Judge Parker noted in *Neapco*, there is not any on-point caselaw from the Federal Circuit or Supreme Court announcing which approach district courts should take. *Id.* So, in that case, Judge Parker followed the majority view and determined that "service of a complaint may be enough to show knowledge of the patents-in-suit, as of the date of service, and that is sufficient to sustain [an] indirect infringement claim." *Id.* at *8.

Judge Parker found, however, that even adopting that majority approach, the plaintiff was still required to "explicitly allege" that the defendant knew of the patent by way of plaintiff's filing of a complaint. *Id.* And here, Nartron—just like the *Neapco* plaintiff—failed to make such allegations in their complaint. *See id.* Thus, Nartron has not sufficiently alleged that Futaba America had post-lawsuit knowledge of the '185 and '762 patents.

At base, Nartron has not sufficiently alleged that Futaba America had pre-lawsuit or post-lawsuit knowledge of either the '185 patent or the '762 patent. Thus,

Futaba America's motion to dismiss these claims, ECF No. 15, will be granted and these claims will be dismissed.[4]

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant Futaba America's Motion to Dismiss, ECF No. 15, is **GRANTED**. To that end, it is **ORDERED** that Counts 6, 7, 9, and 10, against Futaba America are **DISMISSED**.

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 30, 2025

---

[4] In the final sentence of its response, Nartron requests leave to amend its complaint if "the Court grants any part of [Futaba America's] motion." ECF No. 20 at PageID.1373. However, such a request must be made in a motion, not a response. *See* E.D. Mich. LR 7.1(i) ("Motions must not be combined with any other stand-alone document."); *see also Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("If plaintiffs believe that they need to supplement their complaint with additional facts to withstand a motion for judgment on the pleadings (or a motion to dismiss), they have a readily available tool: a motion to amend the complaint under Rule 15.").